**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **OSCAR THOMAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**R. JAMES NICHOLSON, Secretary, Department of Veterans Affairs,**<br><br>**Defendant.** | ) | **Civil Action No. 02-1743 (RMC)** |

**MEMORANDUM OPINION**

Oscar Thomas is a retired Army veteran who has repeatedly sought benefit payments from the Department of Veterans Affairs ("VA") for physical and mental health conditions that he believes are connected to his military service. He brought this case *pro se* against R. James Nicholson, Secretary of VA,[1] raising malpractice and other tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, based on a medical examination conducted by a VA doctor in 1991 and his visits to the VA Medical Center in Memphis, Tennessee. On March 20, 2008, the Court granted Defendant's motion to dismiss or for summary judgment. *See* Mem. Op. and Order [Dkt. ## 155 & 157]. Mr. Thomas now seeks reconsideration. As explained below, the motion will be denied.

---

[1] Mr. Nicholson, sued in his official capacity, was substituted for his predecessor, Anthony J. Principi, the former Secretary of the Department of Veterans Affairs, pursuant to Federal Rule of Civil Procedure 25(d)(1). While the original Complaint [Dkt. #1] named Mr. Principi, the First Amended Complaint [Dkt. #51] names Mr. Nicholson.

## I. FACTS

The Court's Memorandum Opinion summarized its ruling granting the VA's motion to dismiss or for summary judgment as follows:

> The results here are compelled by federal and Tennessee state law. A claimant under the FTCA must file his claim within two years of its accrual. Although he received the [VA's Statement of the Case "SOC"] on October 9, 1999, the very earliest date on which it might be said that Mr. Thomas filed an FTCA claim based on the failure-to-inform him of Dr. Kelly's potential schizophrenia diagnosis is October 11, 2001, more than two years later. Because timely presentation of a claim is jurisdictional, the Court must dismiss all allegations based on the failure to inform of a schizophrenia diagnosis. In addition to complying with the two-year requirement, a claimant must provide sufficient information for the relevant agency to investigate and respond. Mr. Thomas failed to respond to VA's request for specific information concerning his malpractice claim that spanned a dozen years and over a dozen medical conditions. His inaction and silence prevented the VA from processing his claim on the merits and, therefore, he did not fulfill his duty to exhaust his administrative remedies. Further, there is no record that Mr. Thomas ever filed an FTCA claim arising from his July 23, 2004, visit to Memphis VAMC [VA Medical Center] and, therefore, he also failed to exhaust his administrative remedies therewith. Finally, the VA is entitled to summary judgment on Mr. Thomas's allegations concerning the failure of Memphis VAMC to provide medical treatment to him in November 2002. Tennessee law requires expert testimony to support his malpractice claim, and Mr. Thomas offers none.

Mem. Op. [Dkt. #155] at 20-21.

## II. LEGAL STANDARD

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A

Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

## III. ANALYSIS

Mr. Thomas's motion for reconsideration merely reargues facts and theories upon which the Court already ruled. In a few instances, he attempts to reframe an issue and thereby to raise a "new" issue that he could have raised previously. The Court could deny his motion for reconsideration on these grounds alone. Even so, the Court addresses the "new" issues Mr. Thomas raises.

### A. Scope-of-Employment Certification

Mr. Thomas again argues that the United States is not a proper defendant because the Attorney General failed to file a scope-of-employment certificate. This claim is without merit. *See* Mem. Op. [Dkt. #155] at n.1 ("Because Mr. Nicholson was sued in his official capacity, the United States is the appropriate defendant and proceeds accordingly here.") Mr. Thomas misconstrues the law in this area. Under the Westfall Act, 28 U.S.C. § 2679(d), when a federal employee is sued in a common law tort action, the U.S. Attorney General (or the U.S. Attorney in the district where the claim is brought) may issue a certification that the employee was acting within the scope of his employment. Such a certification is necessary to convert a state law tort action against an individual federal employee into a FTCA action against the United States, "if the plaintiff has not brought suit pursuant to the FTCA." *Rasul v. Rumsfeld*, 414 F. Supp. 2d 26, 31-32 (D.D.C. 2006). Mr. Thomas brought this suit under the FTCA against the Secretary of the Department of Veterans Affairs, in his

official capacity. *See* First Am. Compl. [Dkt. #51] ¶ 4 ("Plaintiff also files this Amended Complaint to include, inter alia, additional claims under the FTCA"); *Id.* ¶ 9 ("Defendant is the Secretary, Department of Veterans Affairs . . . acting within the scope of their [sic] employment . . .").

Mr. Thomas asserts that in addition to the Secretary he also sued numerous federal employees and thus that a scope-of-employment certification should have been filed as to the additional defendants. While the original thirteen count complaint in this action did name various federal employees, that complaint was dismissed on May 28, 2003. Mr. Thomas appealed, and the D.C. Circuit affirmed the dismissal as to ten counts but reversed and remanded on three.[2] On remand, Mr. Thomas filed a First Amended Complaint on March 1, 2006. The First Amended Complaint dropped the VA employees as defendants and named only "R. James Nicholson, *et al*. Secretary, Department of Veterans Affairs Agency" and "John Doe I, II, and III." The Court dismissed the John Doe defendants on August 6, 2007. *See* Defs.' Mot. to Dismiss [Dkt. #111] and Order [Dkt. #133]. The Court found:

> In order to bring a lawsuit against a federal employee, a plaintiff must serve each defendant named in a suit with a copy of the summons. *See* F.R.C.P. 4(i)(1)(b). If a John Doe defendant is not timely served, he should be dismissed as a defendant because the Court lacks jurisdiction over the defendant unless the Court, in its discretion, grants additional time for the service of process on such defendants. *See Olaniyi v. Dist. of Columbia,* 415 F. Supp. 2d 43, 50 (D.D.C. 2006); *M.K. v. Tenet,* 99 F. Supp. 2d 12,17 (D.D.C. 2000).

---

[2]The Circuit reversed and remanded as to Counts III, V, and X only, holding that the trial court had jurisdiction to consider non-benefits claims, *i.e.*, "whether the alleged withholding of the diagnosis [of schizophrenia] states a tort claim." *Thomas v. Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005); *see also United States v. Brown*, 348 U.S. 110 (1954) (a veteran may maintain an action under the FTCA for negligent treatment at a VA medical center even if his benefits have already been increased because of such injury); *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697 (6th Cir. 1994).

Order [Dkt. #133] at 4. Because Mr. Thomas had already been granted extensive discovery and he had still not named or served the John Doe defendants, the John Does were dismissed. *Id*. at 4-5. The Court also notes that contrary to Mr. Thomas' assertion, the reference to "*et al*." in the case caption does not somehow expand the number of defendants. A plaintiff must name and serve each defendant in a lawsuit. Fed. R. Civ. P. 4(i) (service required); Fed. R. Civ. P. 10(a) (complaint must name all parties). Accordingly, the only Defendant in the case at the time it was dismissed on March 20, 2008 was Secretary Nicholson. No Westfall certificate was required with regard to the FTCA claims against the Secretary.

**B. Mr. Thomas Received the SOC on October 9, 1999**

In the March 20, 2008 Memorandum Opinion, the Court dismissed Mr. Thomas's 2001 claims relating to allegations of failure to diagnose, inform, warn, and/or refer for treatment for schizophrenia as untimely.

> Mr. Thomas received the SOC on October 9, 1999, which informed him that a potential diagnosis of schizophrenia had been made. He therefore had until October 9, 2001, to file an FTCA claim based on the failure to inform him of this potential diagnosis. He filed the claim on October 11, 2001, after the statute of limitations had run. Because Mr. Thomas failed to timely file an administrative claim, the Court lacks jurisdiction over Mr. Thomas's claims regarding the alleged failure to inform or treat him for schizophrenia, Counts Ia, II, III, and IV, and any unnumbered counts relating to Mr. Thomas's 2001 Claim.

Mem. Op. [Dkt. # 155] at 14-15 (footnotes omitted). The Court based this finding on Mr. Thomas's own letter, dated November 2, 1999, which indicated that he had received the VA's SOC on October 9, 1999.

> The Court finds the November 2, 1999, letter and Mr. Thomas's silence about it compelling evidence that Mr. Thomas received the SOC on October 9, 1999. Thus, this is when his claim accrued and the statute of limitations for him to file an administrative claim began. There is no doubt on this record that Mr. Thomas had sufficient information from the SOC to advance an FTCA claim as his own statements and the 2001 Claim demonstrate. In his own words, he admitted receiving that information on October 9, 1999. Further, his written admission was dated November 2, 1999, just a few weeks after such receipt at a time when the importance of a few days' difference was not apparent. Therefore, a timely FTCA claim had to be made no later than October 9, 2001. Mr. Thomas did not timely file an administrative claim. At the earliest, Mr. Thomas filed his claim with the Army on October 11, 2001.

*Id*. at 14.

Mr. Thomas now claims, in unsworn statements, that he was in Germany on October 9, 1999, that he learned of the SOC in a telephone conversation with VA personnel, and that he did not receive it until October 27, 1999 when he returned to the United States from Germany. Pl.'s Mot. for Recons. at 37-38. Mr. Thomas could have raised this claim earlier, but did not do so. Further, Mr. Thomas's November 2, 1999 letter, written contemporaneously with these events, clearly stated that Mr. Thomas received the SOC on October 9, 1999. Mr. Thomas's new allegation is insufficient to support reconsideration.[3]

**C. Continuous Tort Doctrine**

Mr. Thomas also erroneously contends that the two year limitations period should be

---

[3] In addition, Mr. Thomas asserts that the VA failed to issue a final decision within six months of the date his claim was filed, and thus that he should be excused from the two year limitations period. The time frame for agency action is wholly unrelated to the two year time bar. If an agency does not issue a decision on an FTCA claim within six months from the date a claim is filed, then the law deems the failure to act a "constructive denial" which permits a plaintiff to file suit in federal court. 28 U.S.C. § 2675(a); *GAF Corp. v. United States*, 818 F.2d 901, 918 (D.C. Cir. 1987) (failure of agency to make a final disposition of a claim within six months entitles the claimant to treat the claim as denied and to file suit).

extended pursuant to the continuous tort doctrine. The continuous tort doctrine applies where there are continuing wrongful acts, where no single incident can fairly be identified as the cause of harm. *Mittleman v. Dep't of Treasury*, 919 F. Supp. 461, 466-67 (D.D.C. 1995). In continuous tort cases, the limitations period begins to run when the tortious conduct ceases. *Page v. United States*, 729 F.2d 818, 822-23 (D.C. Cir. 1984). Here, the alleged wrongful acts occurred on two days in 1991 when Mr. Thomas underwent the benefits examination. There was no continuous tortious conduct. Even if the Court construed the VA's alleged concealment of the "working diagnosis" of schizophrenia as a continuous tort, the tort would have accrued when such alleged concealment ended — on October 9, 1999 when Mr. Thomas received the SOC.

**D. Equitable Tolling**

Mr. Thomas also asserts that the limitations period should have been extended pursuant to the doctrine of equitable tolling. Equitable tolling permits a claimant to avoid the limitations period if "despite all due diligence" he is unable to obtain vital information bearing on the existence of his claim. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998) (equitable tolling may apply to Title VII claim). Even if equitable tolling applies in FTCA cases,[4] equitable tolling simply does not apply in this case. There is no evidence whatsoever that Mr. Thomas investigated his claim but despite due diligence was unable to obtain information necessary

---

[4] The D.C. Circuit has not addressed whether the doctrine of equitable tolling applies in FTCA cases. *Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006) ("We have never squarely addressed whether equitable tolling applies to the FTCA's statute of limitations, and we need not do so here, for Norman has failed to meet the due diligence requirement for equitable tolling."). The doctrine may not apply to FTCA claims because it ordinarily applies to non-jurisdictional limitations periods and FTCA's timeliness requirement is jurisdictional. *See* Mem. Op. [Dkt. #155] at 10 ("The exhaustion requirement is a mandatory jurisdictional prerequisite, *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984), which the Court cannot excuse.")

to meet the filing deadline.

**E. Failure to Present Expert Testimony In Support of Claims Relating to November 2002 Visits to Memphis VAMC**

The March 20, 2008 Memorandum Opinion also granted summary judgment to the VA on Mr. Thomas's allegations concerning the failure of Memphis VAMC to provide medical treatment to him in November 2002. Tennessee law requires expert testimony to support a malpractice claim. *Norris v. East Tn. Children's Hosp.*, 195 S.W.3d 78, 86 (Tenn. Ct. App. 2005) (negligence must be proven by expert testimony). Mr. Thomas offered no such testimony, and he now asserts that he needs additional discovery in order to do so. The Court already afforded Mr. Thomas ample time to retain an expert, as the VA's summary judgment motion was not filed until June 12, 2007, well after discovery began in September of 2006. Mr. Thomas's claim for reconsideration asserts too little, too late.[5]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration [Dkt. # 159] will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: June 17, 2008

__________/s/______________________________
ROSEMARY M. COLLYER
United States District Judge

[5] Mr. Thomas also alleges that he was prevented from conducting proper discovery due to a protective order entered by the Court. The protective order prevented Mr. Thomas from serving discovery requests on non-parties in violation of Federal Rules of Civil Procedure 33 and 34 and from serving discovery requests in excess of those permitted by the Court's scheduling order. *See* Def.'s Mot. for Protective Order [Dkt. # 89]; Minute Order dated December 5, 2006 (granting defendant's motion for protective order); and Mem. Order [Dkt. # 151] at 3 (denying motion for reconsideration). The protective order did not prevent Mr. Thomas from retaining experts to testify in support of his claims.